UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
CONSERVATION LAW FOUNDATION, INC.,      )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )          Case No. 1:10-cv-10250-RGS
                                        )
BOSTON WATER AND SEWER                  )
COMMISSION; VINCENT G. MANNERING,       )
in his official capacity as EXECUTIVE   )
DIRECTOR of BOSTON WATER AND SEWER      )
COMMISSION; DENNIS A. DIMARZIO, in      )
his official capacity as CHAIRMAN of BOSTON )
WATER AND SEWER COMMISSION;             )
CATHLEEN DOUGLAS STONE, in her official )
capacity as BOSTON WATER AND SEWER      )
COMMISSIONER; and MUHAMMAD              )
ALI-SALAAM, in his official capacity as )
BOSTON WATER AND SEWER                  )
COMMISSIONER *et al.*,                  )
                                        )
            Defendants.                 )
_____ )

## ANSWER OF THE DEFENDANTS TO THE COMPLAINT

The Defendants Boston Water and Sewer Commission and Vincent G. Mannering,

Dennis A. DiMarzio, Cathleen Douglas Stone and Muhammad Ali-Salaam, in their respective

official capacities, (hereinafter the "Commission") hereby answer the Complaint of Plaintiff

Conservation Law Foundation as follows:

### FIRST DEFENSE

As to the specific allegations of the numbered paragraphs of the Complaint, the

Commission states as follows:

1.      States that the allegations in paragraph 1 constitute a summary description of the Plaintiff's asserted cause of action and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

2.      States that the allegations in paragraph 2 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

3.      As to the allegations in paragraph 3, admits that a letter, a copy of which is attached as Exhibit 1 to the Complaint, was sent to the Commission via certified mail on November 24, 2009, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 3 and denies each and every other allegation in said paragraph.

4.      As to the allegations in paragraph 4, admits that more than sixty days have passed since Plaintiff mailed the Commission the notice attached as Exhibit 1 to the Complaint, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 4 and denies each and every other allegation in said paragraph.

5.      States that the allegations in paragraph 5 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

6.      As to the allegations in paragraph 6, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fifth sentences of said paragraph and denies each and every other allegation in said paragraph.

7.      As to the allegations in paragraph 7, admits the allegations in the first and second sentences of said paragraph and states that the allegations in the third sentence of said paragraph are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

8.      As to the allegations in paragraph 8, admits that Vincent G. Mannering is Executive Director of the Boston Water and Sewer Commission and states that the remaining allegations are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

9.      As to the allegations in paragraph 9, admits that Dennis A. DiMarzio is Chairman of the Boston Water and Sewer Commission and states that the remaining allegations are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

10.      As to the allegations in paragraph 10, admits that Cathleen Douglas Stone and Muhammad Ali-Salaam are members of the Board of Commissioners and states that the remaining allegations are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

11.      States that the allegations in paragraph 11 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

12.      States that the allegations in paragraph 12 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

13.     States that the allegations in paragraph 13 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

14.     States that the allegations in paragraph 14 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

15.     States that the allegations in paragraph 15 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

16.     States that the allegations in paragraph 16 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

17.     States that the allegations in paragraph 17 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

18.     As to the allegations in paragraph 18, admits the allegations in the first sentence of said paragraph, admits that the Permit became effective on October 29, 1999 and had a term of five years and states that it is without knowledge or information sufficient to form a belief as to the truth of each and every other allegation in said paragraph.

19.     States that the allegations in paragraph 19 are interpretations of the Authorization to Discharge under the National Pollutant Discharge Elimination System, Permit No. MAS010001 (Sept. 29, 1999) (hereinafter, the "Permit"), that the Permit speaks for itself, and,

accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit, denies said allegations.

20.      States that the allegations in paragraph 20 are either conclusions of law or interpretations of the Permit, that the Permit speaks for itself, and accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the Permit, denies said allegations.

21.      States that the allegations in paragraph 21 are interpretations of the Permit or the U.S. EPA Fact Sheet for Draft Permit (Sept. 2, 1998) (hereinafter, the "Fact Sheet"), that the Permit and the Fact Sheet speak for themselves, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit or the Fact Sheet, denies said allegations.

22.      States that the allegations in paragraph 22 are interpretations of the Permit or the Fact Sheet, that the Permit and the Fact Sheet speak for themselves, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit or the Fact Sheet, denies said allegations.

23.      States that the allegations in paragraph 23 are interpretations of the Permit or the Fact Sheet, that the Permit and the Fact Sheet speak for themselves, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit or the Fact Sheet, denies said allegations.

24.      States that the allegations in paragraph 24 are interpretations of the Permit or the Fact Sheet, that the Permit and the Fact Sheet speak for themselves, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit or the Fact Sheet, denies said allegations.

25.     States that the allegations in paragraph 25 are either conclusions of law or interpretations of the Permit, that the Permit speaks for itself, and, accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the Permit, denies said allegations.

26.     States that the allegations in paragraph 26 are interpretations of the documents cited in the footnotes to said paragraph, that said documents speak for themselves, and, accordingly, that no response is required, and further states that, to the extent the allegations are inconsistent with those documents, denies said allegations.

27.     As to the allegations in paragraph 27, states that the allegations in said paragraph are interpretations of the documents cited in the footnotes to said paragraph, that said documents speak for themselves, and, accordingly, that no response is required, and further states that, to the extent the allegations are inconsistent with those documents, denies said allegations, and denies each and every other allegation in said paragraph.

28.     Admits the allegations in paragraph 28.

29.     As to the allegations in paragraph 29, admits the allegations in the first, second, third and fifth sentences of said paragraph, admits that of the seventeen pollution control measures, eleven consisted of existing measures, and denies each and every other allegation in said paragraph.

30.     As to the allegations in paragraph 30, admits that in 2001 the Commission began monitoring at the three representative areas listed in said paragraph and ceased representative monitoring in 2004 and denies each and every other allegation in said paragraph.

31.     As to the allegations in paragraph 31, admits that in 2001 the Commission began monitoring three receiving waters and ceased monitoring of receiving waters in 2006 and denies each and every other allegation in said paragraph.

32.     As to the allegations in paragraph 32, admits that the Commission engaged in wet-weather screening activities and ceased wet-weather outfall screening at the end of 2000 after screening twenty-four major outfalls and denies each and every other allegation in said paragraph.

33.     As to the allegations in paragraph 33, admits the allegations in the first sentence of said paragraph and denies each and every other allegation in said paragraph.

34.     Denies the allegations in paragraph 34.

35.     As to the allegations in paragraph 35, admits that the Permit has been administratively continued and states that the allegations in said paragraph are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

36.     As to the allegations in paragraph 36, admits the allegations contained in the first sentence of said paragraph and states that the allegations in the second sentence of said paragraph are interpretations of the Municipal Separate Storm Sewer System (MS4) Audit, Boston Water and Sewer Commission and the City of Boston, MA, Sept. 13-15, 2005, prepared by Science Applications Int'l Corp. for EPA Region 1 (hereinafter, the "EPA Audit"), that the EPA Audit speaks for itself, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the EPA Audit, denies said allegations.

37.     States that the allegations in paragraph 37 are interpretations of the EPA Audit, that the EPA Audit speaks for itself, and, accordingly, that no response is required, and further

states that, to the extent said allegations are inconsistent with the EPA Audit, denies said

allegations.

38.     As to the allegations in paragraph 38, states that the allegations in the first, second

and third sentences of said paragraph 38 are interpretations of the EPA Audit, that the EPA Audit

speaks for itself, and, accordingly, that no response is required, and further states that, to the

extent said allegations are inconsistent with the EPA Audit, denies said allegations, and denies

each and every other allegation in said paragraph.

39.     States that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 39.

40.     As paragraph 40 realleges the allegations in paragraphs 1-39, restates and

incorporates by reference paragraphs 1-39 of this Answer as if fully set forth herein.

41.     States that the allegations in paragraph 41 are either conclusions of law or

interpretations of the Permit, that the Permit speaks for itself, and accordingly, that no response

is required, and further states that, to the extent a response is required, or to the extent said

allegations are inconsistent with the Permit, denies said allegations.

42.     States that the allegations in paragraph 42 are either conclusions of law or

interpretations the representative area monitoring data, that the representative area monitoring

data speak for themselves, and accordingly, that no response is required, and further states that,

to the extent a response is required, or to the extent said allegations are inconsistent with the

representative area monitoring data, denies said allegations.

43.     States that the allegations in paragraph 43 are either conclusions of law or

interpretations of the receiving water monitoring data, that the receiving water monitoring data

speak for themselves, and accordingly, that no response is required, and further states that, to the

extent a response is required, or to the extent said allegations are inconsistent with the receiving water monitoring data, denies said allegations.

44.     As to the allegations in paragraph 44, admits that the monitoring locations were selected to provide representative data, states that the allegations in the first sentence of said paragraph are interpretations of the EPA Fact Sheet, that the EPA Fact Sheet speaks for itself, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the EPA Fact Sheet, denies said allegations, states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of said paragraph and denies each and every other allegation in said paragraph.

45.     States that the allegations in paragraph 45 are either conclusions of law or interpretations of the monitoring data, that the monitoring data speak for themselves, and accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the monitoring data, denies said allegations.

46.     States that the allegations in paragraph 46 are either conclusions of law or interpretations of the monitoring data, that the monitoring data speak for themselves, and accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the monitoring data, denies said allegations.

47.     Denies the allegations in paragraph 47.

48.     Denies the allegations in paragraph 48.

49.     As to the allegations in paragraph 49, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the extent a

response is required, denies said allegations, and denies any implication that it has violated or continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C. §§1311(a) and 1342(p).

50.     As paragraph 50 realleges the allegations in paragraphs 1-49, restates and incorporates by reference paragraphs 1-49 of this Answer as if fully set forth herein.

51.     States that the allegations in paragraph 51 are either conclusions of law or interpretations of the Permit, that the Permit speaks for itself, and accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the Permit, denies said allegations.

52.     States that the allegations in paragraph 52 are either conclusions of law or interpretations of the Permit, that the Permit speaks for itself, and accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the Permit, denies said allegations.

53.     As to the allegations in paragraph 53, admits that the monitoring locations were selected to provide representative data, states that the allegations in the first sentence of said paragraph are either conclusions of law or interpretations of the representative monitoring data, that the representative monitoring data speak for themselves, and accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the representative monitoring data, denies said allegations, and denies each and every other allegation in said paragraph.

54.     States that the allegations in paragraph 54 are either conclusions of law or interpretations of the receiving water monitoring data, that the receiving water monitoring data speak for themselves, and accordingly, that no response is required, and further states that, to the

extent a response is required, or to the extent said allegations are inconsistent with the receiving

water monitoring data, denies said allegations.

      55.     Denies the allegations in paragraph 55.

      56.     As to the allegations in paragraph 56, states that the allegations are not allegations

of fact but conclusions of law and, accordingly, do not require response, and to the extent a

response is required, denies said allegations, and denies any implication that it has violated or

continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C.

§§1311(a) and 1342(p).

      57.     As paragraph 57 realleges the allegations in paragraphs 1-56, restates and

incorporates by reference paragraphs 1-56 of this Answer as if fully set forth herein.

      58.     States that the allegations in paragraph 58 are interpretations of the Permit, that

the Permit speaks for itself, and, accordingly, that no response is required, and further states that,

to the extent said allegations are inconsistent with the Permit, denies said allegations.

      59.     States that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 59.

      60.     As to the allegations in paragraph 60, admits that the monitoring locations were

selected to provide representative data, states that the allegations in the first sentence of said

paragraph are either conclusions of law or interpretations of the representative monitoring data,

that the representative monitoring data speak for themselves, and accordingly, that no response is

required, and further states that, to the extent a response is required, or to the extent said

allegations are inconsistent with the representative monitoring data, denies said allegations, and

denies each and every other allegation in said paragraph.

      61.     Denies the allegations in paragraph 61.

62.     As to the allegations in paragraph 62, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the extent a response is required, denies said allegations, and denies any implication that it has violated or continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C. §§1311(a) and 1342(p).

63.     As paragraph 63 realleges the allegations in paragraphs 1-62, restates and incorporates by reference paragraphs 1-62 of this Answer as if fully set forth herein.

64.     States that the allegations in paragraph 64 are either conclusions of law or interpretations of the Permit, that the Permit speaks for itself, and accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the Permit, denies said allegations.

65.     As to the allegations in paragraph 65, admits that certain illicit connections to the MS4 have been identified, and denies each and every other allegation in said paragraph.

66.     Denies the allegations in paragraph 66.

67.     Denies the allegations in paragraph 67.

68.     As to the allegations in paragraph 68, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the extent a response is required, denies said allegations, and denies any implication that it has violated or continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C. §§1311(a) and 1342(p).

69.     As paragraph 69 realleges the allegations in paragraphs 1-68, restates and incorporates by reference paragraphs 1-68 of this Answer as if fully set forth herein.

70.     States that the allegations in paragraph 70 are either conclusions of law or interpretations of the Permit, that the Permit speaks for itself, and accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the Permit, denies said allegations.

71.     Denies the allegations in paragraph 71.

72.     Denies the allegations in paragraph 72.

73.     As to the allegations in paragraph 73, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the extent a response is required, denies said allegations, and denies any implication that it has violated or continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C. §§1311(a) and 1342(p).

74.     As paragraph 74 realleges the allegations in paragraphs 1-73, restates and incorporates by reference paragraphs 1-73 of this Answer as if fully set forth herein.

75.     States that the allegations in paragraph 75 are interpretations of the Permit, that the Permit speaks for itself, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit, denies said allegations.

76.     Denies the allegations in paragraph 76.

77.     Denies the allegations in paragraph 77.

78.     As to the allegations in paragraph 78, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the extent a response is required, denies said allegations, and denies any implication that it has violated or continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C. §§1311(a) and 1342(p).

79.     As paragraph 79 realleges the allegations in paragraphs 1-78, restates and incorporates by reference paragraphs 1-78 of this Answer as if fully set forth herein.

80.     States that the allegations in paragraph 80 are interpretations of the Permit, that the Permit speaks for itself, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit, denies said allegations.

81.     States that the allegations in paragraph 81 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

82.     States that the allegations in paragraph 82 are not allegations of fact but conclusions of law and, accordingly, do not require a response, and to the extent a response is required, denies said allegations.

83.     Denies the allegations in paragraph 83.

84.     As to the allegations in paragraph 84, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the extent a response is required, denies said allegations, and denies any implication that it has violated or continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C. §§1311(a) and 1342(p).

85.     As paragraph 85 realleges the allegations in paragraphs 1-84, restates and incorporates by reference paragraphs 1-84 of this Answer as if fully set forth herein.

86.     States that the allegations in paragraph 86 are either conclusions of law or interpretations of the Permit, that the Permit speaks for itself, and accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the Permit, denies said allegations.

87.    Denies the allegations in paragraph 87.

88.    Denies the allegations in paragraph 88.

89.    As to the allegations in paragraph 89, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the extent a response is required, denies said allegations, and denies any implication that it has violated or continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C. §§1311(a) and 1342(p).

90.    As paragraph 90 realleges the allegations in paragraphs 1-89, restates and incorporates by reference paragraphs 1-89 of this Answer as if fully set forth herein.

91.    States that the allegations in paragraph 91 are interpretations of the Permit, that the Permit speaks for itself, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit, denies said allegations.

92.    States that the allegations in paragraph 92 are interpretations of the Permit, that the Permit speaks for itself, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit, denies said allegations.

93.    As to the allegations in paragraph 93, admits that the Commission monitored three representative drainage areas subsequent to the effective date of the Permit, and denies each and every other allegation in said paragraph.

94.    Denies the allegations in paragraph 94.

95.    As to the allegations in paragraph 95, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the extent a response is required, denies said allegations, and denies any implication that it has violated or

continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C. §§1311(a) and 1342(p).

96.     As paragraph 96 realleges the allegations in paragraphs 1-95, restates and incorporates by reference paragraphs 1-95 of this Answer as if fully set forth herein.

97.     States that the allegations in paragraph 97 are interpretations of the Permit, that the Permit speaks for itself, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit, denies said allegations.

98.     States that the allegations in paragraph 98 are interpretations of the Permit, that the Permit speaks for itself, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit, denies said allegations.

99.     As to the allegations in paragraph 99, admits that the Commission has monitored three receiving waters and denies each and every other allegation in said paragraph.

100.    As to the allegations in paragraph 100, admits that the Commission terminated monitoring of receiving waters subsequent to its 2006 monitoring and denies each and every other allegation in paragraph 100.

101.    Denies the allegations in paragraph 101.

102.    As to the allegations in paragraph 102, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the extent a response is required, denies said allegations, and denies any implication that it has violated or continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C. §§1311(a) and 1342(p).

103.    As paragraph 103 realleges the allegations in paragraphs 1-102, restates and incorporates by reference paragraphs 1-102 of this Answer as if fully set forth herein.

104.    States that the allegations in paragraph 104 are interpretations of the Permit, that the Permit speaks for itself, and, accordingly, that no response is required, and further states that, to the extent said allegations are inconsistent with the Permit, denies said allegations.

105.    As to the allegations in paragraph 105, admits that wet-weather outfall screening was discontinued at the end of 2000 after twenty-four major outfalls were screened and denies each and every other allegation in said paragraph.

106.    Denies the allegations in paragraph 106.

107.    Denies the allegations in paragraph 107.

108.    As to the allegations in paragraph 108, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the extent a response is required, denies said allegations, and denies any implication that it has violated or continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act, 33 U.S.C. §§1311(a) and 1342(p).

109.    As paragraph 109 realleges the allegations in paragraphs 1-108, restates and incorporates by reference paragraphs 1-108 of this Answer as if fully set forth herein.

110.    States that the allegations in paragraph 110 are either conclusions of law or interpretations of the Permit, that the Permit speaks for itself, and accordingly, that no response is required, and further states that, to the extent a response is required, or to the extent said allegations are inconsistent with the Permit, denies said allegations.

111.    Denies the allegations in paragraph 111.

112.    Denies the allegations in paragraph 112.

113.    As to the allegations in paragraph 113, states that the allegations are not allegations of fact but conclusions of law and, accordingly, do not require response, and to the

extent a response is required, denies said allegations, and denies any implication that it has

violated or continues to violate the Permit or Section 301(a) and 402(p) of the Clean Water Act,

33 U.S.C. §§1311(a) and 1342(p).

## SECOND DEFENSE

114.     The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

115.     The claims set forth in the Complaint are barred in whole or in part by the

applicable statute or statutes of limitations.

## FOURTH DEFENSE

116.     The Plaintiff cannot recover on the claims set forth in the Complaint because

those claims assume incorrectly that the Permit requires the Commission's stormwater

discharges and the bodies of water to which they discharge to meet water quality standards

whereas the Permit actually requires only that the Commission take practicable steps toward the

goal of meeting those standards.

## FIFTH DEFENSE

117.     The Plaintiff cannot recover on the claims set forth in the Complaint because the

Permit imposes no requirements in addition to those established by applicable statutes,

regulations, ordinances and other laws, and the Commission has complied with all such

requirements of law.

## SIXTH DEFENSE

118.     The claims set forth in the Complaint are barred, in part, because it alleges

violations of supposed terms of the Permit that are, in fact, no longer parts of the Permit.

## SEVENTH DEFENSE

119.    Actions and inaction of the Commission alleged in the Complaint to constitute violations of the Permit are not, in fact, violations because the Commission took and refrained from such actions in reliance upon direction from regulatory agencies responsible for interpreting the Permit.

## EIGHTH DEFENSE

120.    The claims set forth in the Complaint are barred because the violations alleged in the Complaint are not continuing or ongoing.

## NINTH DEFENSE

121.    The Plaintiff is not entitled to recover penalties or fees because it is not possible for the Commission, through its own actions, to achieve the strict compliance with water quality standards alleged to be required in the Complaint, and the Commission has made good faith efforts to comply with the Permit so as to promote the achievement of said standards.

## TENTH DEFENSE

122.    The Plaintiff is not entitled to recover penalties or fees because any violations of the Permit that may have occurred are not serious, are not the sole or principal cause of degradation of the waters into which the Commission discharges stormwater and, accordingly, do not have a significant adverse effect on the environment or the public.

## ELEVENTH DEFENSE

123.    The Plaintiff is not entitled to recover penalties and fees because of the economic impact such an imposition will have on the Commission's ratepayers, who already have been determined to be experiencing economic distress due to the level of shelter costs, including water and sewer rates, they are required to incur.

**TWELFTH DEFENSE**

124.    The Court should abstain from adjudicating the claims set forth in the Complaint because their subject matter is being addressed in an ongoing administrative proceeding relating to the issuance of a new stormwater discharge permit to the Commission.


WHEREFORE, the Commission prays that the Court enter judgment as follows:

(a)     Dismissing the Complaint;

(b)     Awarding the Commission its costs; and

(c)     Granting the Commission such other and further relief as may be just and proper.



By its Attorneys,



  /s/ John M. Stevens
John M. Stevens (BBO #480140)
Elisabeth M. DeLisle (BBO #658067)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000
jstevens@foleyhoag.com
edelisle@foleyhoag.com



Of counsel,

James J. Steinkrauss (BBO #647497)
Deputy General Counsel
Boston Water & Sewer Commission
980 Harrison Avenue
Boston, MA 02119
(617) 989-7312
steinkraussjj@BWSC.org

Date:   April 12, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing, which was filed via the Court's ECF system, will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be mailed to any non-registered participants.


  /s/ John M. Stevens             
John M. Stevens


Dated: April 12, 2010

B3738666.4