UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CONSERVATION LAW FOUNDATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:10-cv-10250-RGS |
| BOSTON WATER AND SEWER COMMISSION; VINCENT G. MANNERING, in his official capacity as EXECUTIVE DIRECTOR of BOSTON WATER AND SEWER COMMISSION; DENNIS A. DIMARZIO, in his official capacity as CHAIRMAN of BOSTON WATER AND SEWER COMMISSION; CATHLEEN DOUGLAS STONE, in her official capacity as BOSTON WATER AND SEWER COMMISSIONER; and MUHAMMAD ALI-SALAAM, in his official capacity as BOSTON WATER AND SEWER COMMISSIONER , | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT STATEMENT PURSUANT TO FED. R. CIV. P. 26 (f)
AND LOCAL RULE 16.1(D)**

Counsel for the plaintiff and for the defendants have conferred pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B) and submit the following joint statement in anticipation of the scheduling conference to be held on May 10, 2010.

**CONFERENCE OF COUNSEL:**

The following persons met in person for a Rule 26(f) conference on April 20, 2010:

Thomas F. Irwin, Christopher M. Kilian, Peter Shelley, and Anthony Iarrapino, representing Plaintiff Conservation Law Foundation; John M. Stevens, Elisabeth DeLisle, and James

Steinkrauss, representing Defendants Boston Water & Sewer Commission, Vincent G. Mannering, Dennis A. DiMarzio, Cathleen Douglas Stone and Muhammad Ali-Salaam, in their respective official capacities (collectively "BWSC").

**PROPOSED SCHEDULE:**

1. **Initial Disclosures**.  The parties will complete and provide to opposing counsel the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2(A) no later than May 24, 2010.

2. **Discovery Plan**.  The parties propose the following discovery plan:

    a. Discovery will be needed on the following subjects: Information regarding the obligations and duties imposed on BWSC by the federal Clean Water Act, E.P.A. regulations, and its N.P.D.E.S. permit relative to its municipal separate storm sewer system, information regarding BWSC's compliance or lack thereof with such obligations and duties, any other information related to the allegations in the Complaint and the defenses set forth in the Answer, and the opinions and basis therefor of any experts retained by the parties for the purpose of presenting testimony on the foregoing subjects at trial.

    b. Within 7 days of the parties' completion of Initial Disclosures, the parties shall confer by phone as to the possibility and appropriateness of Cooperative Discovery of any or all types of information pursuant to Local Rule 26.1(A) and shall continue to confer as appropriate as discovery proceeds.

    c. Discovery shall be completed by January 21, 2011.  Fact discovery will be completed by November 1, 2010, and expert discovery by January 21, 2011.

    d. The parties shall abide by the Discovery Event Limitations set forth in Local Rule 26.1(C).

    e. No deposition shall exceed eight (8) hours over one (1) calendar day, unless otherwise agreed upon by the parties.

    f. Preliminary Disclosure of Experts: No later than November 1, 2010, the parties shall disclose the identity of experts they have retained for the purpose of presenting testimony at trial, if known, along with a general statement of the topics on which each expert is expected to testify.

    g. Final Disclosure of Experts: The parties shall exchange reports of expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) as follows: Plaintiff, no later than November 15, 2010; Defendants, the sooner of December 15, 2010 or 30 days following disclosure of plaintiff's expert report.

    h. The parties shall supplement disclosures and responses pursuant to Fed. R. Civ. P. 26(e) as follows: subject to Fed. R. Civ. P. 26(e)(1)(A), and no later than February 15, 2011.

    i. In case of objections or claims of privilege, the parties shall work to resolve all issues without involvement of the Court. In the event that such resolution cannot be achieved and resolution from the Court is sought by motion, the parties shall continue to abide by the discovery schedule as to all other aspects of discovery not involving the objections or claims of privilege.

3. **Other case scheduling matters**. The parties propose and state as follows:

    a. Final dates for Plaintiff to amend pleadings or join parties: September 15, 2010.

   b. Final dates for Defendants to amend pleadings or join parties: September 15, 2010.

   c. Final date to file dispositive motions: February 22, 2011. Any opposition to such a motion shall be filed within 30 days after service of the motion.

   d. Suggested trial date: First available dates for the Court after the week of May 16, 2011.[1]

**SETTLEMENT POSSIBILITIES:**

1. Prospects for settlement: The parties met prior and subsequent to the filing of the complaint in this matter and have discussed the possibility for settlement. In addition, on April 30, 2010 Plaintiff provided Defendant with a written settlement proposal pursuant to the requirements of the Local Rules. The parties will continue these discussions throughout the course of discovery as appropriate.

2. Alternative dispute resolution: To the extent that settlement is possible, the parties believe that direct negotiation without aid of a mediator holds the best prospect.

**RULE 16.1 CERTIFICATIONS:**

   The parties' Certifications pursuant to Local Rule 16.1(D)(3) are attached to this report.


                                        CONSERVATION LAW FOUNDATION

                                        By its Attorney:

                                        __/s/ Christopher M. Kilian_____
                                        Christopher M. Kilian
                                        *Pro hac vice*
                                        Vermont Bar License No. 2680

---

[1] The parties acknowledge that the Court's consideration of dispositive motions may require an amendment to the suggested trial date and will work together to propose mutually-agreeable alternative dates with guidance from the Court should that need arise.

B3745311.2

Conservation Law Foundation, Inc.
15 East State Street, Suite 4
Montpelier, VT 05602
(802) 223-5992
ckilian@clf.org

BOSTON WATER & SEWER COMMISSION, VINCENT G. MANNERING, DENNIS A. DIMARZIO, CATHLEEN DOUGLAS STONE and MUHAMMAD ALI-SALAAM, in their respective official capacities

By their Attorneys,

/s/      John M. Stevens
John M. Stevens (BBO #480140)
Elisabeth M. DeLisle (BBO #658067)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000
jstevens@foleyhoag.com
edelisle@foleyhoag.com


Of counsel,

James J. Steinkrauss (BBO #647497)
Deputy General Counsel
Boston Water & Sewer Commission
980 Harrison Avenue
Boston, MA 02119
(617) 989-7312
steinkraussjj@BWSC.org

Dated: May 3, 2010

B3745311.2

Certificate of Service

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 3, 2010. There are no nonregistered participants in this docket.

/s/ Anthony Iarrapino
15 East State St. #4
Montpelier, VT 05602
802-223-5992
aiarrapino@clf.org
