UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., )<br>   )<br>   Plaintiff, )<br>   )<br>v.   )<br>   )<br>BOSTON WATER AND SEWER )<br>COMMISSION, et al.   )<br>   Defendants. )<br>_____)  | Case No. 1:10-cv-10250-RGS<br><br>ORAL ARGUMENT<br>REQUESTED |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Conservation Law Foundation, Inc. ("CLF") hereby moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 on Counts I, II, VI, IX, X and XI of its Complaint as well as defendant Boston Water & Sewer Commission's ("BWSC") Fourth, Fifth and Sixth Defenses.  The grounds for this motion are set forth in more detail in plaintiff's accompanying Memorandum of Law, and are summarized here:

1. As documented by BWSC's admittedly-representative water quality monitoring, discharges from BWSC's Municipal Separate Stormwater System ("MS4") persist in exceeding state water quality standards despite the specific requirement in BWSC's Authorization to Discharge under the National Pollutant Discharge Elimination System ("NPDES Permit") that measures or controls be in place to ensure that there is "[n]o discharge of pollutants in quantities that would cause a violation of State water quality standards."  (Permit § I.B.2.a.)  These water quality standard exceedances threaten the health of the Boston Harbor watershed and undermine both federal and state efforts to protect and restore the watershed.  The declaratory and injunctive relief requested by plaintiff in this motion is necessary to ensure BWSC's compliance with the terms of its NPDES permit.

2. In addition to adherence with general state water quality standards, BWSC is further prohibited from discharging "toxics in toxic amounts" from its MS4 (Permit § I.B.2.a)  Copper and zinc are "toxic pollutants" under § 307(a)(1) of the Clean Water Act.  40 C.F.R. § 401.15.  Both the EPA and the Massachusetts Department of Environmental Protection have adopted numeric toxicity criteria for concentration of toxic pollutants in fresh and saltwater.  *See* 314 MASS. CODE. REGS. § 4.05(5)(e).  Despite this clear prohibition, BWSC persists in discharging toxic pollutants, specifically copper and zinc, in amounts exceeding the dissolved concentrations permitted by both Federal and State regulations.  Declaratory and injunctive relief is necessary to ensure compliance with the terms of BWSC's NPDES Permit as well as Federal and State environmental regulations.

3. Despite BWSC's admission of exceeding state water quality standards and of discharging toxic pollutants in toxic amounts, BWSC failed to update or modify its inadequate Stormwater Management Plan ("SWMP").  BWSC's NPDES Permit and the Clean Water Act require updating and adapting of a permittee's SWMP to ensure compliance with applicable standards.  Although BWSC has persistently discharged in amounts violating both State and Federal water quality regulations, BWSC has failed to propose any changes to its SWMP throughout the *nine* years for which it has submitted annual reports.  In each Annual Report, BWSC has mechanically repeated: "No changes to the Commission's stormwater management program and pollution prevention activities are proposed at this time."  *See, e.g.,* 2009 Annual Report § 5.1.  Declaratory and injunctive relief are necessary to ensure compliance with the terms of BWSC's NPDES Permit as well as Federal and State environmental regulations.

      4.      BWSC's NPDES Permit requires the monitoring of five representative drainage areas three times per year for a period of at least two years (Permit § I.C.1.a)  Clean Water Act regulations, applicable to all NPDES permitees, compel this specific provision.  *See* 40 C.F.R. § 122.26.  BWSC's NPDES Permit further requires the monitoring of receiving waters and the screening of all major outfalls.  Each of these monitoring requirements is an integral part to the proper functioning of the NPDES permitting scheme.  In its Answer, BWSC admits to monitoring only *three* representative drainage areas.  (Answer ¶ 99.)  Furthermore, BWSC failed to properly and adequately monitor receiving waters and to screen all major outfalls as required by its NPDES Permit.  The lack of monitoring data deprives the EPA, as permitting authority, of information that may form the basis for a future permit and deprives the public at large of the knowledge necessary to preserve Massachusetts's valuable water resources.  Declaratory and injunctive relief are required to address BWSC's pattern of persistently neglecting its duties to monitor.

      5.      As summarized above and demonstrated in the accompanying Memorandum of Law, BWSC is in violation of numerous provisions of its NPDES Permit as well as state and federal regulations.  A copy of BWSC's NPDES Permit is attached as Exhibit A to the Declaration of Anthony Lappin Iarrapino.  A review of the NPDES Permit and BWSC's admitted action and inaction under that permit vitiate numerous defenses raised by BWSC in its Answer.  Specifically, BWSC is required by its NPDES Permit to prevent exceedances of water quality standards and to conduct regular monitoring of a minimum number of outfalls and receiving waters.  BWSC's binding admissions establish that it has failed to comply with these obligations.  Therefore, plaintiff requests that the Court grant summary judgment to plaintiff on BWSC's Fourth, Fifth and Sixth defenses, all of which raise arguments that are not supported by

the uncontroverted facts interpreted in light of the plain meaning of its NPDES Permit, the Clean Water Act and its implementing regulations.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

The undersigned conferred with opposing counsel prior to filing this motion as is required by Local Rule 7.1(A)(2) but was unable to reach agreement.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), plaintiff hereby requests oral argument of this motion.

WHEREFORE, plaintiff respectfully requests that they be granted summary judgment on Counts I, II, VI, IX, X and XI of its Complaint and defendant BWSC's Fourth, Fifth and Sixth defenses.

Respectfully Submitted,

CONSERVATION LAW FOUNDATION, INC.

By: /s/ Anthony Lappin Iarrapino

Anthony Lappin Iarrapino, Esq.
BBO# 658109

15 E. State St. #4
Montpellier, Vermont 05602
Telephone: (802) 223-5992

*Conservation Law Foundation, Inc.*